UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART D. KIMBER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, secretary of the Navy, et. al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:21-cv-1487-BTM-BLM<br><br>**ORDER GRANTING DEFENDANT CARLOS DEL TORO, SECRETARY OF THE NAVY'S MOTION TO DISMISS**<br><br>**[ECF NO. 39]** |

　　Plaintiff Bart D. Kimber ("Plaintiff") filed a Third Amended Complaint on March 31, 2023.  (ECF No. 33 ("TAC").)  Defendant Carlos Del Toro, Secretary of the Navy ("Defendant") filed a Motion to Dismiss Plaintiff's Third Amended Complaint.  (ECF No. 39 ("Def.'s MTD").)  In response, Plaintiff filed an opposition (ECF No. 41 ("Pl.'s Opp'n")), Defendant filed a Reply (ECF No. 45 ("Def.'s Reply")), and Plaintiff filed a Reply in response (ECF No. 46 ("Pl.'s Reply in Resp.")).  Additionally, the Court had entered an Order to Show Cause as to why this case should not be dismissed for improper

service on the Secretary of the Navy, and failure to serve the other Defendants. (ECF No. 30 ("OSC").) Plaintiff filed two motions responding to the OSC (ECF No. 33, attachments 1 and 2 ("Motions to Show Cause")), as well as four Motions for Summary Judgment (ECF Nos. 26 ("Pl.'s First MSJ"), 43 ("Pl.'s Second MSJ"), 48 ("Pl.'s Third MSJ"), 51 ("Pl.'s Fourth MSJ")). For the reasons discussed below, the Court **grants** Defendant's Motion to Dismiss.

## I. BACKGROUND

On August 20, 2021, Plaintiff filed suit against Defendant, alleging that a federal employee whom he identifies as "HR1" retaliated against him for nearly 15 years because of his EEO activity during his federal employment. (ECF No. 1 ("Complaint").) The Court entered an Order for Plaintiff to File a More Definite Statement. (ECF No. 10 ("Order for Definite Statement").) Plaintiff subsequently filed multiple iterations of amended complaints, culminating with the Third Amended Complaint. (ECF No. 33, ("TAC").)

Plaintiff's Third Amended Complaint asks for declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. §§ 791 *et seq.*; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*; the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; 18 U.S.C. §§ 1922 and 2071; the Fifth Amendment to the U.S. Constitution; and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* (ECF No. 33, 14:2–6 (First Cause of Action), 17:23–26 (Second Cause of Action), 19:14–17 (Third Cause of Action), 21:22–24 (Fourth Cause of Action), 25:6–9 (Fifth Cause of Action), 26:6–11 (Sixth Cause of Action), 31:13, 32:3 (Eighth Cause of

Action), 33:4–7 (Ninth Cause of Action), 33:21–25 (Eleventh Cause of Action), 36:16–21 (Twelfth Cause of Action).)

Plaintiff alleges this retaliation occurred between 2003 and 2017. (ECF No. 33.) From April 2004 to October 2014, HR1 purportedly engaged in "hiding, concealing, discrediting [and] obscuring" Plaintiff's allegations that he was "secretly monitored" by his employer and coworker in 2003. (Id. at 22.) Sometime after 2012, Plaintiff alleges HR1 gained unauthorized access to Plaintiff's employment portal and "illicitly entered herself as Plaintiff's 'immediate supervisor' and 'reviewer' of claims." (Id. at 25.) In April 2013, HR1 allegedly "took the malicious action of removing his original paper OPF," which "obstruct[ed] Plaintiff's ability to have . . . other agencies review his veteran status." (Id. at 31.) Plaintiff alleges that, as a result of HR1's actions, Defendant "miscalculate[d] Plaintiff's creditable service time to disallow re-employment," which "block[ed] 34 fire-related applications in 2016-17." (Id. at 26, 31.) In April 2016, HR1 allegedly "eras[ed] . . . Plaintiff's March 18, 2016, USAJOBS application from the agency's referral list." (Id. at 33.) Lastly, Plaintiff alleges an EEO manager lost certain "completed forms" that resulted in a delayed resolution of Plaintiff's EEO complaint for 18 months from 2016 to 2017. (Id. at 30.)

## II. STANDARD

Defendant moves to dismiss under Federal Rules of Civil Procedure 8(a) and (d)(1) for failure to make a short and plain statement and 12(b)(6) for failure to state a claim. (ECF No. 39.) In addition, the Court *sua sponte* raises Plaintiff's failure to comply with the requirement for numbered paragraphs under Federal Rule of Civil Procedure 10(b). For the reasons discussed below, the Court grants Defendant's Motion to Dismiss.

**A. Motion to Dismiss for failure to make a short and plain statement under 8(a) and (d)(1)**

Defendant challenges the Third Amended Complaint, in part, on the ground that it fails to make a "short and plain statement of the claim" that is "simple, concise, and direct," and fails to inform Defendant of the specific claims against which it must defend, in violation of Rule 8. Fed. R. Civ. P. 8(a), (d)(1).

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342, 342 n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, the Court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The basic pleading requirements of Rule 8 apply to self-represented and represented plaintiffs alike. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

The "essential function" of a pleading is to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written. . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Otherwise, "Defendants are ... put at risk that ... plaintiffs will surprise them with something new at trial which they

reasonably did not understand to be in the case at all." *Id.* at 1179–80.  Complaints that are too confusing and prolix to "perform the essential functions of a compliant" are subject to dismissal under Rule 8(a).  *See id.* at 1180.

### B. Motion to Dismiss for failure to state a claim under 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Only a complaint that states a plausible claim for relief will survive a motion to dismiss.  *Id.*

## III.  DISCUSSION

### A. <u>Motion to Dismiss for failure to make a short and plain statement under 8(a) and (d)(1)</u>

#### I.  Rule 8(a), (d)(1)

Defendant first argues that Plaintiff's Third Amended Complaint should be dismissed because it fails to make a "short and plain statement of the claim" that is "simple, concise, and direct," and fails to inform Defendant of the specific claims against which it must defend, in violation of Rule 8.  Fed. R. Civ. P. 8(a), (d)(1).  In response, Plaintiff argues that because Defendant was able to identify his claims and allegations in Defendant's Motion to Dismiss, that the Third Amended Complaint has shown to be clear enough to inform the Defendant of those claims.  (ECF No. 41, 3–4.)

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry*, 84 F.3d at 1178–80 (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," and "highly repetitious."). Further, an "amended complaint must be full and complete in and of itself, without reference to any other previously filed document." *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 398 (C.D. Cal. 2005); CivLR 15.1(a) ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading. All amended pleadings must contain copies of all exhibits referred to in such amended pleadings.").

Here, Plaintiff's Third Amended Complaint is incomplete, confusing, repetitive, and conclusory. It makes repeated references to other documents that are not attached to the Third Amended Complaint as exhibits. *See* CivLR 15.1(a); *Jacobson*, 226 F.R.D. at 398. Because it relies on these references, many crucial facts are omitted from the Third Amended Complaint, leaving bare conclusions. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory). Additionally, the Third Amended Complaint unnecessarily restates the same allegations, includes language that does not further any claim, and contains lengthy excerpts from various federal statutes. This extraneous language throughout the pleading makes it difficult to ascertain what Plaintiff alleges occurred and whether those allegations, if true, would satisfy the elements of each claim.

Accordingly, the Court **GRANTS** Defendant's Rule 8 Motion to Dismiss

Plaintiff's Third Amended Complaint with leave to amend.

## II.   Rule 10(b)

Federal Rule of Civil Procedure 10(b) requires that, in every pleading, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense."

Aside from 12 numbered paragraphs on pages 7–9, Plaintiff's Third Amended Complaint failed to number its paragraphs.  The Court has already informed Plaintiff of this requirement in its November 23, 2021 Order to File a More Definite Statement.  (ECF No. 10.)  In that Order, the Court specified that "[p]ursuant to Local Civil Rule 5.1(k), the amended complaint 'must be made in numbered paragraphs, each of which must be limited, as far as is practicable, to a statement of a single set of circumstances.'"

Accordingly, the Court **DISMISSES** Plaintiff's Third Amended Complaint with leave to amend.  If Plaintiff files a fourth amended complaint without numbering every paragraph, it will be dismissed without further leave to amend.

### B. Motion to Dismiss for failure to state a claim under Rule 12(b)(6)

#### I.   Timeliness of and compliance with the pre-suit administrative processes applicable to Title VII, the Rehabilitation Act, and the ADEA

In its Motion to Dismiss, Defendant argues that Plaintiff's Title VII, Rehabilitation Act, and ADEA claims must be dismissed for failure to plead exhaustion of administrative remedies.

To establish subject matter jurisdiction over a claim under Title VII or the Rehabilitation Act, a plaintiff must timely exhaust administrative remedies.  *Vinieratos v.*

*U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 767–68 (9th Cir. 1991) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976)) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."); *Nguyen v. Nielsen*, 731 F. App'x 687, 688 (citing *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 412–13 (9th Cir. 1985) (holding "the requirement of exhaustion of administrative remedies applicable to federal employees under Title VII . . . was imported into claims brought under [the Rehabilitation Act]")). While the ADEA does not require exhaustion of administrative remedies, "an employee who wishes to file [an ADEA] suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003).

"There are effectively two limitations periods for Title VII claims. First, a claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency. . . and receiv[e] a right-to-sue letter. The charge must be filed within 180 days after the allegedly unlawful employment practice occurred. Second, after exhausting administrative remedies, a claimant has 90 days to file a civil action." *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018) (internal citations omitted). Similarly, the private right of action under the Rehabilitation Act contains a "requirement of exhaustion of administrative remedies applicable to federal employees under Title VII." *Boyd*, 752 F.2d at 412 (citing *Brown*, 425 U.S. at 832).

A plaintiff must allege satisfaction of these requirements in the complaint. *Moore v. Grundmann*, 2013 WL 2177775, at *7 (S.D. Cal. May 20, 2013) (granting motion to dismiss as to Title VII claim because "Plaintiff fails to plead in his First Amended Complaint that he has exhausted any administrative remedies in conjunction with his Title VII claim."); *Pringle v. Wheeler*, 478 F. Supp. 3d 899, 908 (N.D. Cal. 2020) ("a plaintiff 'must allege compliance with the [mandatory processing rule] ... in order to state

a claim on which relief may be granted.'") (internal citations omitted); *see Douglass–Woodruff v. Nevada, ex rel. its Dept. of Mental/Health,* 23 F. App'x 758, 759 (9th Cir. 2001) (noting plaintiff's pleading could have been "saved by an amendment that alleges that she exhausted her administrative remedies with the EEOC.").

Here, Plaintiff spelled out allegations of administrative exhaustion and attached an EEOC decision regarding this matter in his Reply to Defendant's Reply. (ECF No. 46, 3.) However, Plaintiff failed to include the detailed allegations or any documentation of this exhaustion in his Third Amended Complaint. Plaintiff only made a general reference to the administrative process in the Third Amended Complaint, (ECF No. 33, 6), and listed various agency decisions without explanation and without attaching them as exhibits (id. at 24). This is insufficient to show compliance with the specific process and timeline described above. As discussed in Section III.A.I above, Plaintiff cannot rely on documents outside of the Third Amended Complaint to satisfy pleading requirements. *See Jacobson*, 226 F.R.D. at 398; CivLR 15.1(a).

Accordingly, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss for failure to plead compliance with the pre-suit administrative processes applicable to Title VII, the Rehabilitation Act, and the ADEA with leave to amend.

### II. Sufficiency of FTCA Claims

Next, Defendant argues that the FTCA governs Plaintiff's intentional and negligent infliction of emotional distress claims, and that these claims should also be dismissed for failure to exhaust the administrative process.

#### i. Subject Matter Jurisdiction

The exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is a suit against

the United States under the FTCA. 28 U.S.C. § 2679(b)(1). Because "[t]he FTCA immunizes federal employees from individual liability for an 'action [that] is properly against the United States under the FTCA,'" *M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (citing *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 n. 1 (9th Cir.1991)), "the United States is the only proper party defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Here, the Court lacks subject matter jurisdiction over the FTCA claims because the Third Amended Complaint does not name the United States as a defendant. *See Kennedy*, 145 F.3d at 1078 (affirming dismissal of complaint "[b]ecause the plaintiff brought an FTCA action against a person and entity not subject to the FTCA.").

### ii. Administrative Exhaustion

In addition to naming the United States as a defendant, Plaintiff must also allege he exhausted his administrative remedies under the FTCA. A plaintiff seeking to bring suit under the FTCA must affirmatively allege that they filed a claim with the appropriate federal agency and that the agency denied that claim. 28 U.S.C. § 2675(a); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974). The plaintiff then has six months from the date of the denial to file an action in federal court. 28 U.S.C. § 2401(b).

Here, Plaintiff failed to allege that he administratively exhausted his tort claims in his Third Amended Complaint. As discussed above in Section III.B.I, Plaintiff spelled out allegations of administrative exhaustion in his Reply to Defendant's Reply, (ECF No. 46, 3), but he only made a general reference to the administrative process and listed various agency decisions without explanation in the Third Amended Complaint (ECF No. 33, 6, 24). This is insufficient to show administrative exhaustion because, as discussed in Section III.A.I above, Plaintiff cannot rely on documents outside of the Third Amended Complaint to satisfy pleading requirements. *See Jacobson*, 226 F.R.D. at 398; CivLR

15.1(a).  Further, Plaintiff must affirmatively allege that he brought these tort claims before an administrative agency and that the agency's denial encompassed these claims to show administrative exhaustion under the FTCA.

Accordingly, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss as to the Second, Fourth, Fifth, Sixth and Eighth Causes of Action to the extent they are based on the FTCA, with leave to amend.

### III.     Title VII Preemption of APA and Fifth Amendment Claims

Next, Defendant argues that Title VII preempts Plaintiff's APA and Fifth Amendment claims.

"[T]he Supreme Court has squarely held that a federal employee cannot assert an extra-statutory damages claim for violations arising out of the employment context where an adequate statutory procedure exists for dealing with such claims." *Williams v. U.S. Gen. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990) (citing *Bush v. Lucas*, 462 U.S. 367, 374–90 (1983)).  "Title VII is. . . 'an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.'" *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (citing *Brown,* 425 U.S. at 829); *see also White v. General Services Admin.,* 652 F.2d 913, 916–17 (9th Cir.1981) (explaining that "allowing additional individual remedies" "for claims of discrimination in federal employment" would "permit[] circumvention of administrative remedies"); *Vinieratos*, 939 F.2d at 773 (holding Title VII provides the exclusive channel through which Rehabilitation Act claims may be heard in federal court).

Here, Plaintiff's Second, Third, Sixth, Eleventh, and Twelfth Causes of Action allege tort and/or constitutional claims which seek to impose liability based on Defendant's allegedly discriminatory employment practices.  Due to the employment discrimination subject matter and Defendant's status as Plaintiff's government employer

11

at the time, these claims necessarily fall under Title VII.  Title VII preempts litigation based on the same conduct under both Title VII and other laws.  *White*, 652 F.2d at 916.

Accordingly, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss as to the Second, Third, Sixth, Eleventh and Twelfth Causes of Action, with leave to amend.

**IV.     Sufficiency of the CSRA, ADA, and 18 U.S.C. §§ 1922 and 2071 claims**

Finally, Defendant argues that none of the remaining statutes on which Plaintiff relies could provide a remedy to Plaintiff in this action.

### i. CSRA

"The CSRA provides a remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" *Orsay v. U.S. Dep't of Just.*, 289 F.3d 1125, 1128 (9th Cir. 2002) (citing 5 U.S.C. § 2302), *abrogated by Millbrook v. United States*, 569 U.S. 50 (2013).  There is no private right of action for a claim under 5 U.S.C. § 2302.  *Canas v. Raytheon Tech. Servs. Co., LLC*, No. EDCV 10-1432-R, 2013 WL 12137760, at *3 (C.D. Cal. June 11, 2013) (citing *United States v. Fausto*, 484 U.S. 439 (1988)); *see Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) ("The CSRA limits federal employees challenging their supervisors' prohibited personnel practices to an administrative remedial system.").

Plaintiff cannot rely on a statute without a private right of action for relief in this civil suit.

### ii. ADA

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  A "covered entity" is defined as "an employer, employment agency, labor organization, or joint

12

labor-management committee." 42 U.S.C. § 12111(2). The statute explicitly clarifies that the term "employer" does not include the United States. 42 U.S.C. § 12111(5)(B)(i). This exclusion applies to the entire federal government. *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003); *see Petramala v. U.S. Dep't of Just.*, 481 F. App'x 395, 396 (9th Cir. 2012) ("the federal government, its agencies, and its officials are either expressly excluded or otherwise exempt" from the ADA). Accordingly, the ADA provides no remedy to federal employees. *E.g.*, *Caul v. Winter*, No. 06CV2096 WQH LSP, 2007 WL 2712302, at *7 (S.D. Cal. Sept. 13, 2007) ("a federal employee has no remedy for employment discrimination under the Americans with Disabilities Act"); *Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020) ("The district court properly dismissed Drevaleva's claim that she was discriminated against in violation of the Americans with Disabilities Act ('ADA') because the federal government is excluded from the coverage of the ADA.").

Here, Plaintiff named Carlos Del Toro, the Acting Secretary of the United States Department of the Navy, as the Defendant. Mr. Del Toro's position as Acting Secretary of the United States Department of the Navy makes him part of the United States federal government. Therefore, he cannot serve as the "covered entity" under the ADA, and Plaintiff, as a federal employee, has no right of action against Mr. Del Toro under the ADA.

### iii. 18 U.S.C. §§ 1922 and 2071

Defendant argues Plaintiff's claims under 18 U.S.C. § 1922 and 18 U.S.C. § 2071 should be dismissed because neither statute creates a private right of action.

18 U.S.C. § 1922 criminalizes false reports concerning compensation. This statute "does not provide for a private right of action." *McDaniel v. Potter*, 2009 WL 10671422, at *10 (C.D. Cal. May 7, 2009). 18 U.S.C. § 2071 criminalizes the destruction of public

records.  This statute also "does not provide a private right of action." *Ingraham v. Lundrigan*, 2010 WL 2942658, at *2 (E.D. Cal. July 23, 2010) (citing *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985)).

Plaintiff cannot rely on criminal statutes without any private right of action for relief in this civil suit.

Accordingly, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss as to the Second, Third, Sixth, Eighth, Eleventh, and Twelfth claims to the extent they are predicated on the CSRA, the ADA, 18 U.S.C. § 1922, or 18 U.S.C. § 2071, without leave to amend.

### C. Outstanding Motions and Orders

#### I. Order to Show Cause and Responsive Motions

The Court entered an Order to Show Cause as to why this case should not be dismissed for improper service on the Secretary of the Navy, and failure to serve the other Defendants.  (ECF No. 30.)

Federal Rule of Civil Procedure 12(b)(5) provides for a defense for insufficient service of process.  A party waives this defense by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. Proc. 12(h)(1).

Defendant has not raised service in its Motion to Dismiss.  (ECF No. 39.) Accordingly, the Order to Show Cause is **discharged**.

#### II. Plaintiff's Motions for Summary Judgment

Plaintiff has filed four Motions for Summary Judgment.  (ECF Nos. 26 ("Pl.'s First MSJ"), 43 ("Pl.'s Second MSJ"), 48 ("Pl.'s Third MSJ"), 51 ("Pl.'s Fourth MSJ")).

For the reasons stated above, the Court grants the Motion to Dismiss.  Because the Court grants the Motion to Dismiss, it does not reach the merits of the Motions for

Summary Judgment and therefore denies them as moot. *See City of Arcadia v. U.S. Env't Prot. Agency*, 265 F. Supp. 2d 1142, 1151 (N.D. Cal. 2003).

Accordingly, the Court **DENIES** all four Motions for Summary Judgment without prejudice.

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is **GRANTED.**  Plaintiff has leave to file a fourth amended complaint resolving the issues described above.  The Order to Show Cause is **DISCHARGED**.  Plaintiff's Motions for Summary Judgment are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: January 16, 2024

Hon. Barry Ted. Moskowitz
United States District Judge