UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART D. KIMBER,<br><br>                       Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and CARLOS DEL TORO, Secretary of the Navy,<br><br>                       Defendants. | Case No.:  3:21-cv-1487-BTM-BLM<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT**<br><br>**[ECF NOS. 93, 97, 103]** |

    Before the Court is Defendants United States of America and Carlos Del Toro, Secretary of the Navy's Partial Motion to Dismiss Plaintiff's Sixth Amended Complaint. (ECF No. 93 ("Defs.' MTD").)  For the reasons discussed below, the Court **grants** Defendants' Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

    On August 20, 2021, Plaintiff filed suit against Defendant Carlos Del Toro alleging that a federal employee whom he identified as "HR1" retaliated against him for nearly 15 years because of his EEO activity during his federal employment. (ECF No. 1.)  The Court

entered an Order for Plaintiff to File a More Definite Statement.  (ECF No. 10.)  Plaintiff subsequently filed multiple iterations of amended complaints, culminating with the Third Amended Complaint.  (ECF No. 33.)  Defendant Secretary of the Navy moved to dismiss the Third Amended Complaint.  (ECF No. 39.)  On January 16, 2024, the Court issued an Order granting the Secretary of the Navy's Motion to Dismiss, with leave to amend.  (ECF No. 54, at 6.)  Plaintiff again filed multiple iterations of amended complaints, culminating with the Fifth Amended Complaint, which added the United States of America as a defendant.  (ECF No. 65.)  Defendants then filed a Motion to Dismiss the Fifth Amended Complaint.  (ECF No. 73.)

On October 25, 2024, the Court issued an Order granting Defendants' Motion to Dismiss the Fifth Amended Complaint, with leave to amend, on the basis that the Fifth Amended Complaint was "incomplete, confusing, repetitive, and conclusory" in violation of Rule 8 of the Federal Rules of Civil Procedure.  (*See* ECF No. 82, at 6–8.)  Separately, the Court dismissed:  Plaintiff's claims to the extent they were predicated on the Civil Service Reform Act ("CSRA") and the Americans with Disabilities Act ("ADA"), without leave to amend (*id.* at 9); Plaintiff's Administrative Procedure Act ("APA") and Fifth Amendment claims as preempted by Title VII of the Civil Rights Act of 1964 ("Title VII"), with leave to amend (*id.* at 9–10); Plaintiff's claims to the extent they were based on errors or deficiencies in the administrative review process, without leave to amend (*id.* at 10–11); and Plaintiff's Federal Tort Claims Act ("FTCA") claims for failing to plead compliance with the FTCA's pre-suit administrative claims process and as preempted by Title VII (*id.* at 11–13).  The Court warned Plaintiff that his "Sixth Amended Complaint will be Plaintiff's final chance to state a plausible cause of action."  (*Id.* at 14.)

Plaintiff filed a Sixth Amended Complaint on December 19, 2024.  (ECF No. 89 (the "SAC").)  The SAC seeks declaratory and injunctive relief and compensatory and punitive damages under Title VII (Count I), the Rehabilitation Act of 1973 ("Rehabilitation Act") (Count II), and the Age Discrimination in Employment Act ("ADEA") (Count III).  (SAC, at 3–4.)  Count II also states that Plaintiff seeks "damages for the intentional

infliction of emotional distress and the violation of constitutional rights under the Fifth and Fourteenth Amendments." (*Id.* ¶ 21.)

The SAC states that Plaintiff was employed by the federal government as a firefighter at Camp Pendleton between 1995 and 2021, and that "[f]ederal firefighters are mandated to retire at age 57 and must have 20 years of creditable federal service by that age." (*Id.* ¶¶ 7, 12.) Plaintiff alleges both that he "suffered gender discrimination and harassment causing a workplace injury on September 13, 2003," and that "[o]n December 5, 2003, the Defendants inflicted a Tort 652B resulting in lost work-time due to psychological conditions accepted as work-related illnesses by the Office of Workers' Compensation Programs (OWCP)." (*Id.* ¶¶ 8, 10.) Plaintiff also allegedly "engaged in protected EEO activities, initially filing a letter of character reference for a firefighter friend in October 2003, and filing Charges of Discrimination in 2005, 2008, 2011, and December 20, 2016." (*Id.* ¶ 9.) He also alleges that his "Due Process access to the FECA was blocked by MCBCP HR Manager Jalynn Peterson from February 2004 to 2017." (*Id.* ¶ 11.) Additionally, "Defendant, through OCHR Manager Jalynn Peterson, refused to count Plaintiff's OWCP accepted injury time as Creditable Service Time, thereby affecting Plaintiff's retirement eligibility." (*Id.* ¶ 13.) Plaintiff was then "denied rehire in 2017 due to the improper calculation of Creditable Service Time, which Plaintiff alleges was in retaliation for his EEO activities and direct retaliation and age discrimination." (*Id.* ¶ 14.) Finally, the SAC alleges that "Defendant's actions have destroyed Plaintiff's career and retirement prospects, causing significant financial and emotional harm." (*Id.* ¶ 15.)

Defendants filed their Partial Motion to Dismiss Plaintiff's Sixth Amended Complaint on January 16, 2025. (ECF No. 93.) Defendants have not moved to dismiss the SAC's claims under Title VII, the Rehabilitation Act, or the ADEA. (Defs.' Mot., at 1.) However, Defendants' Motion asks the Court to dismiss the SAC's Rehabilitation Act claim to the extent it is based on alleged intentional infliction of emotional distress ("IIED") and violations of the Fifth and Fourteenth Amendments of the U.S. Constitution. (*Id.*) The Motion also requests that the Court dismiss with prejudice or strike Plaintiff's

request for punitive damages. (*Id.*)

On January 22, 2025, Plaintiff filed a document entitled "Motion to Recognize Newly Discovered Evidence in FTCA Filing. Motion to Dismiss the Fourteenth Amendment Complaint and Punitive Damages claims against the USA. Motion to Preserve Rights to file for Punitive Damages against federal employees who injured Plaintiff." (ECF No. 94 ("Pl.'s Opp'n").)[1] The Court construes this filing as an Opposition to Defendant's Motion. On January 31, 2025, the parties filed a Joint Motion requesting that the Court dismiss with prejudice Plaintiff's claims for alleged violations of constitutional rights under the Fourteenth Amendment and for punitive damages, which the Court granted. (ECF Nos. 95, 96.) This Order therefore does not address Defendants' Motion's arguments regarding the Fourteenth Amendment and punitive damages. Defendants filed a Reply on February 20, 2025. (ECF No. 98 ("Defs.' Reply").) On March 16, 2025, Plaintiff filed a Sur-Reply (ECF No. 103 ("Pl.'s Sur-Reply")), and a document entitled "Addendum to Plaintiff's Sixth Amended Complaint" (ECF No. 103-1).

## II.    STANDARD

Defendants move to dismiss portions of the SAC under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (*See* ECF No. 93, at 3–4.)

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction under 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "Faced with a factual attack on subject matter jurisdiction . . . no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th Cir. 2019).

---

[1] Plaintiff re-filed this document in its entirety on February 13, 2025. (ECF No. 97.)

"Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted).

### B. Motion to Dismiss for Failure to State a Claim Under 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks either a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*

### III. DISCUSSION

### A. Sufficiency of IIED Claim Under the FTCA

Defendants argue that Plaintiff's IIED tort claim within Count II should be dismissed with prejudice because "Plaintiff has again failed to allege: (1) exhaustion of administrative remedies; and (2) a highly personal injury sufficient to avoid Title VII preemption." (Defs.' Mot., at 5.)

#### 1. Administrative Exhaustion

Although the SAC does not specifically mention the FTCA, the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is a suit against the United States under the FTCA. 28 U.S.C. § 2679(b)(1). As explained in the Court's Orders dismissing Plaintiff's Third and Fifth Amended Complaints, "[a] plaintiff seeking to bring suit under the FTCA must

affirmatively allege that they filed a claim with the appropriate federal agency and that the agency denied that claim." (ECF No. 54, at 10 (citing 28 U.S.C. § 2675(a) and *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974)); ECF No. 82, at 11 (same).) "The plaintiff then has six months from the date of the denial to file an action in federal court." (*Id.* (citing 28 U.S.C. § 2401(b)).) "The requirement of an administrative claim is jurisdictional" in FTCA cases, and so must be "strictly adhered to." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). The Court previously dismissed the Fifth Amended Complaint's FTCA claims for lack of subject matter jurisdiction both because the Fifth Amended Complaint did not contain any allegations that Plaintiff brought his tort claims before an administrative agency and because Defendants filed a declaration from the Head of the Navy's Tort Claims Branch stating Plaintiff has never filed any such claim. (ECF No. 82, at 11–12.)

The SAC still does not contain any allegations that Plaintiff filed an administrative claim regarding his IIED claim with a federal agency. Plaintiff instead appears to argue that a previous lawsuit he filed in 2016 gave the United States notice of his claims and therefore complies with the FTCA's pre-suit administrative procedures. (Pl.'s Opp'n, at 2–3; Pl.'s Sur-Reply, at 5–9.) The Court agrees with Defendants that it does not. The Ninth Circuit has held that filing a district court lawsuit is insufficient "to comply with [the FTCA's] jurisdictional requirement that [the plaintiff] file an administrative claim," even if the lawsuit "may have given the agency 'notice' in one sense of the word." *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) ("Plaintiff's first dismissed complaint was not an administrative claim within the meaning of [the FTCA].").

In his Sur-Reply, Plaintiff also alleges that his communications with "Campos CIV Solange" constitute the filing of an administrative complaint. (ECF No. 103, at 7–8.) The Court disagrees. First, these allegations are not in the SAC and the Court told Plaintiff that the SAC was his last opportunity to plead his claims. (*See* ECF No. 82, at 14.) Second, these communications do not constitute an administrative complaint. And third, the communications do not allege an IIED claim. Therefore, even if the Court were to consider

the allegations in Plaintiff's Sur-Reply regarding these communications, they do not constitute the required administrative claim.

The Court therefore lacks subject matter jurisdiction over Plaintiff's IIED claim within Count II of the SAC.

### 2. Title VII Preemption of FTCA Claims

Defendants also argue that even if the SAC did allege compliance with the pre-suit FTCA administrative process, Plaintiff's FTCA claim is preempted by Title VII. (Defs.' Mot., at 6–7.)

As this Court has twice explained, "Title VII is . . . 'an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.'" (ECF No. 54, at 11 (citing *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995)); ECF No. 82, at 12 (same).) Although Title VII's preemption generally extends to FTCA claims, "Title VII [does] not pre-empt a FTCA claim if the conduct alleged is a highly personal violation beyond the meaning of workplace discrimination." *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001). "However, such 'highly personal' injuries are generally only found where the plaintiff is raped, assaulted, or otherwise physically abused." *Wilson v. United States Dep't of Veterans Affs.*, No. CV 10-2648 PA (AJWX), 2011 WL 13213944, at *3 (C.D. Cal. Mar. 21, 2011); *see, e.g., Brock v. United States*, 64 F.3d 1421, 1423–24 (9th Cir. 1995) (holding that rape and sexual assault are "highly personal" injuries); *Sommatino*, 255 F.3d at 712 (holding that "intentional touching and . . . sexually suggestive and vulgar remarks are typical of the offensive workplace behavior giving rise to an action to remedy a hostile work environment", and so are not "highly personal violations.").

Plaintiff's Fifth Amended Complaint alleged, among other things, that Plaintiff was retaliated against for his EEO activity (ECF No. 65 ¶¶ 88, 141), placed under a "discriminatory Gag-Order" (*id.* ¶ 126), and subjected to "disparate rules obviously designed to intimidate and inflict duress on him" (*id.* ¶ 133). The Court previously held that these allegations did not rise to the level of a "highly personal" injury beyond the

meaning of workplace discrimination, and so dismissed the Fifth Amended Complaint's FTCA claims as preempted by Title VII. (ECF No. 82, at 12–13.) Similarly, the SAC alleges that Defendant wrongfully did not rehire Plaintiff due to the alleged miscalculation of his Creditable Service Time. (SAC ¶¶ 11–15.) As with the Fifth Amended Complaint, these allegations do not rise to the level of a "highly personal" injury beyond the meaning of workplace discrimination.[2]

Plaintiff argues that his original complaint "specifically allege[s] facts that 'rise to the level of a "highly personal" injury beyond the meaning of workplace discrimination.'" (Pl.'s Opp'n, at 4 (citing to ECF No. 1).) However, the Court agrees with Defendants that the Court may not consider Plaintiff's original complaint when evaluating the SAC's allegations because "it is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (Defs.' Reply, at 5 (quoting *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (internal quotations omitted)).)

Therefore, both because Plaintiff has failed to demonstrate that he has complied with the FTCA's pre-suit administrative exhaustion requirement and because Plaintiff's IIED claim is preempted by Title VII, the Court **GRANTS** Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss the SAC's IIED claim **without leave to amend**.

### B.  Title VII Preemption of Fifth Amendment Claims

Defendants also argue that the Court should dismiss the SAC's Fifth Amendment claim because it is preempted by Title VII. (Defs.' Mot., at 7.)

---

[2] The Court has considered only the allegations contained in the SAC in making this determination, and did not consider the allegations contained in the document entitled "Addendum to Plaintiff's Sixth Amended Complaint" that Plaintiff filed alongside his Sur-Reply on March 16, 2025. (ECF No. 103-1.) The Court has previously warned Plaintiff both that "Plaintiff cannot rely on documents outside of the Third Amended Complaint to satisfy pleading requirements" (ECF No. 54, at 9), and that "[t]he Sixth Amended Complaint will be Plaintiff's final chance to state a plausible cause of action." (ECF No. 82, at 14.)

The Court previously dismissed Plaintiff's Fifth Amendment claims in his Third and Fifth Amended Complaints as preempted by Title VII because both of Plaintiff's prior complaints "allege[d] only tort and/or constitutional claims that [sought] to impose liability based on Defendant's allegedly discriminatory employment practices." (ECF No. 54, at 11–12; ECF No. 82, at 10.) The Court twice gave Plaintiff leave to amend his claims under the Fifth Amendment so long as his amended claims were not based on "employment discrimination subject matter." (ECF No. 54, at 11–12; ECF No. 82, at 10.) However, the SAC still alleges only tort and/or constitutional claims that seek to impose liability based on Defendant's allegedly discriminatory employment practices. Accordingly, the Court **GRANTS** Defendants' Rule 12(b)(6) Motion to the SAC's Fifth Amendment claim **without leave to amend**.

### C. Leave to Amend

Where a motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 960 (9th Cir. 2020). However, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). The Court has already provided Plaintiff with two opportunities to amend his complaint and warned Plaintiff that the Sixth Amended Complaint would be his final chance to state a plausible cause of action. (*See* ECF No. 82, at 14.) The Court therefore finds that further amendment would be futile.

//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons discussed above, Defendant's Partial Motion to Dismiss Plaintiff's SAC is **GRANTED**. Plaintiff's motions in Documents 97 and 103 are **DENIED**. The SAC's claims for violation of Plaintiff's constitutional rights under the Fifth Amendment and for IIED under the FTCA are dismissed **with prejudice**. Plaintiff does **not** have leave to file a seventh amended complaint. Defendants must file an Answer to the SAC's claims under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the ADEA within 21 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:   June 23, 2025

_____
Honorable Barry Ted Moskowitz
United States District Judge