UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART D. KIMBER, Plaintiff, v. HUNG CAO, Acting Secretary of the Navy, et al., Defendants. | Case No.: 21-cv-01487-BTM-GC **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** **[ECF No. 128]** |

Before the Court is an Ex Parte Application to File Documents Under Seal filed by Defendants United States of America and Hung Cao, Acting Secretary of the Navy (collectively, "Defendants"). (ECF No. 128.) Defendants seek leave to file under seal the documents marked as Exhibits 1 through 11 to the Declaration of Matthew Riley, submitted in support of Defendants' Motion for Summary Judgment or, Alternatively, Partial Summary Judgment ("Summary Judgment Motion"). (*Id.* at 2.) Plaintiff Bart Kimber ("Plaintiff") did not file an opposition. (*See* ECF No. 132.) For the reasons set forth below, Defendants Ex Parte Application is **GRANTED IN PART** and **DENIED IN PART**.

# I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Unless a court record is "traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see EpicentRx, Inc. v. Carter*, No. 3:20-CV-01058-JO-DDL, 2023 WL 4336695, at *1 (S.D. Cal. May 16, 2023) ("The 'compelling reasons' standard applies to motions for summary judgment because they are more than tangentially related to the merits of the case.").

The Court must "conscientiously balance[ ] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

///

///

## II. DISCUSSION

As stated in Defendants' pending Summary Judgment Motion, Plaintiff's remaining claims in this action consist of: (1) retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964; (2) discrimination in violation of the Rehabilitation Act of 1973; and (3) age discrimination in violation of the Age Discrimination in Employment Act. (ECF No. 130 at 6, 9.) Plaintiff's claims arise from the Navy's decision in January 2017 to rescind a tentative job offer made to Plaintiff the previous summer to be hired as a firefighter at Marine Corps Logistics Base in Barstow, California. (*Id.* at 6.)

Here, Defendants seek to file under seal documents that contain employment and medical information concerning Plaintiff. (ECF No. 128 at 2.) Defendants designated each of these documents as "CONFIDENTIAL" under the Protective Order in this case. (*Id.* at 3.) Defendants seek to seal Exhibits 1 and 8 as they contain information relating to Plaintiff's medical privacy. (*Id.* at 4.) However, Defendants defer to the Court whether compelling reasons exist to seal the remaining exhibits, which contain employment-related information concerning Plaintiff. (*Id.*) Defendants "do not strongly contend that these records satisfy the 'compelling reasons' standard." (*Id.*) The Court gave Plaintiff an opportunity to respond to Defendants' motion, but he did not file a response. (ECF No. 132.)

Upon review, all the exhibits consist of employment-related information concerning Plaintiff. None of the documents are medical records, although some refer to medical conditions, diagnoses, and treatments. Defendants have redacted all sensitive personal information from the exhibits, including Plaintiff's social security number and date of birth, but have redacted no other information. Other than seeking to seal information implicating Plaintiff's medical privacy, no party has presented "compelling reasons supported by specific factual findings" for sealing these exhibits. *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

///

Based on Defendants' arguments and a review of the documents themselves, the Court finds compelling reasons for sealing all references to Plaintiff's medical conditions, diagnoses, and treatments in the exhibits. "Courts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records." *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020); *see also Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2026 WL 2692276, at *2 (S.D. Cal. Sept. 14, 2026); *Andrade v. Costco Wholesale Corp.*, No. 23-CV-06125-TSH, 2025 WL 3635700, at *2 (N.D. Cal. Dec. 15, 2025); *Amico v. Zaldivar-Galves*, No. 1:22-CV-01499-SAB (PC), 2024 WL 4712994, at *1 (E.D. Cal. Nov. 7, 2024). As the release of Plaintiff's medical information to the public could potentially embarrass or injure Plaintiff, the balance of interests strongly favors sealing this information. *See Dunsmore*, 2026 WL 2692276, at *3.[1]

However, the Court does not find compelling reasons for sealing the remainder of the Plaintiff's employment information. Plaintiff has put his employment history at issue in this case and "where a party puts certain information at issue, that party's ability to claim an interest in privacy is weakened." *Cable One Inc. v. DataCloud Techs. LLC*, No. CV-22-01813-PHX-DWL, 2022 WL 16527507, at *2 (D. Ariz. Oct. 28, 2022) (collecting cases). Moreover, no party has articulated a compelling reason for sealing such information. "While courts routinely seal or redact personally identifiable information such as the names of third parties, phone numbers, home addresses, medical history, and social security numbers, the same protection is not automatically afforded to less sensitive [personnel] information such as performance reviews, absent a compelling reason." *Rivera v. Nibco Inc.*, No. 1:99-CV-06443-JLT-HBK, 2024 WL 3429662, at *2 (E.D. Cal. July 16, 2024. Further, "the presumption of access is not rebutted where, as here, documents

---

[1] References to Plaintiff's medical conditions, diagnoses, and treatments are made throughout the exhibits and are not limited to the two exhibits identified by Defendants.

subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Ex Parte Application to File Documents Under Seal. The Clerk of Court shall file under seal the documents lodged at ECF No. 129. However, within seven (7) days of the date of this Order, Defendants shall file a public version of the exhibits on the docket with only Plaintiff's medical conditions, diagnoses, and treatments and social security number and date of birth redacted.

**IT IS SO ORDERED.**

Dated: November 23, 2026



Hon. Guillermo Cabrera
United States Magistrate Judge